USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-21-09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MARTIN LEWIS,                       :
                                    :
            Petitioner,             :        07 Civ. 5678 (JSR)
                                    :        00 Cr. 1118 (JSR)
     -v-                            :
                                    :              ORDER
UNITED STATES OF AMERICA,           :
                                    :
            Respondent.             :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On January 12, 2009, the Honorable Douglas F. Eaton, United States Magistrate Judge, issued a Report and Recommendation ("Report") in the above-captioned matter recommending that the Court deny petitioner Lewis's pro se petition to vacate his sentence under 28 U.S.C. § 2255.

Lewis timely objected, and the Court has therefore considered the matter de novo; but, having done so, the Court finds the Report totally persuasive and adopts it here by reference, with just a few added remarks.

First, assuming arguendo that petitioner is correct in stating that the Report is incorrect in stating, at 6, that petitioner did not repeat his contention that he would have taken the stand if he had known it was his decision to make, Obj. at 3, the Court determines that this error is immaterial as a matter of law, because Petitioner has failed to carry his burden to demonstrate that he was not informed of the right to take the stand at trial or that

he was prejudiced because he did not so testify.  See Kowalczyk, 1998 WL at *2; see also Report at 5-6.

Second, assuming arguendo that petitioner is correct that he adequately raised but the Report did not adequately address his argument that counsel failed to object to Judge Mukasey's alleged misstatement of the standard for 18 U.S.C. § 1959(a) while charging the jury, the Court finds no prejudice.  See Obj. at 6; Motion at 11; Lewis Response to Government[']s Memorandum ("Reply") at 6-9; Trial Transcript ("Tr.") 1699-70, 1743-48.  Section 1959(a) provides in relevant part:

> Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders...or attempts or conspires to do so, shall be punished...

(emphasis added).  Judge Mukasey, when tracking the language of the indictment (which, as is standard, replaced "or" with "and"), replaced the word "or" with "and" both while explaining the indictment for counts three and four to the jury, see Tr. 1699-70, and while giving the jury a paraphrased summary of these counts, see Tr. 1743-44.[1]  There was no error here at all.  Moreover, the alleged

---

[1] For example, the judge explained that

> Count Three charges that...Martin Lewis and others conspired or agreed to murder...for the purpose of gaining entrance to and maintaining and increasing their positions in the DeCavalcante organized crime

2

error only increased the Government's burden and did not prejudice defendant.  See Strickland v. Washington, 466 U.S. 668, 686-88 (1984); Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

Petitioner's remaining objections are likewise without merit. The Court therefore adopts the Report's conclusions and, for the foregoing reasons and the reasons stated in Judge Eaton's excellent Report, hereby dismisses the petition.  In addition, since the petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability should issue under 28 U.S.C. § 2253(c)(2), and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Court's order would not be taken in good faith.  Clerk to enter judgment.

SO ORDERED.

Dated: New York, NY
      September 16, 2009        JED S. RAKOFF, U.S.D.J.

---

    family...and for a promise of payment from the enterprise.

Tr. 1743 (emphasis added).  This was an accurate statement of what that Court said.  Similarly, however, the judge used the correct "or" language of the statute when he gave the jury the definition of § 1959, see Tr. 1743, and when he explained the government's burden of proof, see Tr. 1744-48.

3