```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,           :
                                    :    00-cr-1118 (JSR)
         -v-                        :
                                    :    MEMORANDUM ORDER
MARTIN LEWIS,                       :
                                    :
         Defendant.                 :
                                    :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Defendant Martin Lewis began working as a bus driver for Manti's Transportation in 1991. See Def. Mot., ECF 820, Ex. A ("PSR") at 20, ¶ 105. Manti's Transportation was taken over by an organized crime family, the Decavalcante Crime Family, after Manti's owner defaulted on a loan from that Family. Def. Mot. 4. In January 1998, members of the Decavalcante Crime Family offered Lewis $10,000 and a construction job to murder fellow crime family member Joseph Conigliaro, whom they suspected of skimming proceeds. See PSR at 24. Lewis shot and killed Conigliaro. Id. Lewis was sentenced to mandatory life in prison for one count each of conspiracy to murder in aid of racketeering, murder in aid of racketeering, and use of firearm in connection with a crime of violence. See PSR at 1. Lewis has spent nearly 20 years in prison. Def. Mot. 1. Lewis is incarcerated at FCI Sheridan in Oregon, where his record reflects no disciplinary infractions and extensive

1

coursework completion. See Def. Ex. C. Lewis, who is 66 years old, suffers from asthma and acute bronchitis. Def. Mot., Ex. B, at 1.

Lewis now seeks compassionate release based on the heightened risk of contracting COVID-19 while incarcerated, mitigating factors surrounding the crime and pronounced sentencing disparities, and his rehabilitation. For the reasons that follow, the Court finds that Lewis has demonstrated extraordinary and compelling reasons warranting a reduction of his sentence to 30 years in prison.

## LEGAL STANDARD

Lewis moves for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

Although this provision is sometimes referred to as the "compassionate release" statute, the statute addresses sentence reduction and empowers a district court to "reduce but not eliminate a defendant's prison sentence." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); see also, e.g., United States v. Henareh, 486 F. Supp. 3d 744, 747 (S.D.N.Y. Jan. 13,

2

2021); United States v. Garcia, 505 F. Supp. 3d 328, 331 (S.D.N.Y. Dec. 8, 2020).

To reduce Martin Lewis's lifetime term of imprisonment or order his immediate release under this statute, the Court must find: (1) that Lewis has exhausted his administrative remedies, (2) that he has shown extraordinary and compelling reasons warranting a sentence reduction, (3) that the 18 U.S.C. § 3553(a) sentencing factors are consistent with a lesser sentence than the one previously imposed, and (4) that there is a particular sentence reduction consistent with the § 3553(a) factors that is also warranted by extraordinary and compelling reasons. Garcia, 505 F. Supp. 3d at 331-32.

## DISCUSSION

It is undisputed that Lewis has exhausted his administrative remedies. Thus, the only issues for the Court are whether "extraordinary and compelling reasons" warrant a sentence reduction and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." See 18 U.S.C. § 3582(c)(1)(A).

I. Extraordinary and Compelling Circumstances

Lewis's advanced age and health conditions demonstrate an extraordinary and compelling reason for a sentence reduction. Specifically, Lewis is over 65 years old and suffers from chronic asthma and bronchitis, which increases his risk of suffering severe

3

illness from COVID-19. While the Government discounts the impact of Lewis's age and illnesses, both are highly relevant. Though the Bureau of Prisons policy statements and application notes are not binding, they can add insight. See Garavito-Garcia v. United States, 2021 WL 2525037, at *4. Under Application Note 1(A)(ii), an extraordinary and compelling reason for a sentence reduction exists when the defendant is:

> suffering from a serious physical or medical condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Application Note 1 to U.S.S.G. § 1B1.13.

Lewis's respiratory conditions date back to at least May 2014. Years of dust exposure in a poorly ventilated prison woodworking shop, a history of smoking, and ongoing Oregon wildfires have exacerbated his ailments. Def. Mot. 8, 19; Def. Reply 5. While incarcerated, "Mr. Lewis has found it constantly difficult to breathe." Def. Mot. 10. Because Lewis suffers from a debilitating medical condition exacerbated by his advancing age, the Court finds that there are extraordinary and compelling reasons for a sentence reduction in this case.

II. Section 3553(a) Factors

Next, the Court must decide whether a sentence of less than life in prison would be sufficient to comply with the goals of

criminal sentencing, as stated in 18 U.S.C. § 3553(a). Lewis has already served 20 years in prison, more than any of his codefendants, and he argues that a sentence of time served would satisfy the Section 3553(a) factors. The Government responds that the § 3553 factors require no reduction whatsoever.

First, the Court considers the nature and seriousness of the offense. Although the murder of Joseph Conigliaro was Lewis's first and only crime, his conduct was egregious. Lewis surveilled Conigliaro, suggested a location for the murder, and shot Conigliaro five times in the cheek, neck, arm, and torso. See PSR ¶¶ 51-70. The seriousness of the crime weighs in favor of a substantial sentence.

Second, the Court considers the need to avoid unwanted sentencing disparities. The defense argues that a life sentence creates an unwarranted sentencing disparity between Lewis and his codefendants. Although Lewis committed a horrific crime, he was not the leader of the charged conspiracy. Lewis was neither the head of the crime family, nor the acting boss who authorized the shooting, nor the crewmember who planned the murder, nor the conspirator who provided the gun. But Lewis has received one of the longest sentences. The head of the Decavalcante crime family has been free since 2012, the acting boss since 2013. DiTorra served six years in prison. Id. Americo Massa, who hired Lewis,

5

will be released in six years. Id. The pronounced disparities in this case favor a sentence reduction.

Third, the Court considers the defendant's background. Lewis has offered context for his involvement in Conigliaro's murder and argues that these factors related to the crime warrant a sentence reduction. While Lewis acknowledges the gravity of his conduct, he argues that a lifetime sentence is disproportionate to the offense. Lewis also offers context for his crime and argues that mitigating factors surrounding its commission warrant a sentence reduction. Lewis argues that he was uniquely vulnerable when his titular boss at Manti's, Thomas DiTorra, pitched the murder-for-hire. See Def. Mot. at 6. Lewis's second wife had died of a heroin overdose, leaving him as a single dad with significant debt, living in a trailer on his employer's property. Id. at 3–5. Lewis feared that Child Protective Services would remove his children from his care. Id. at 6. When DiTorra and his crewmember Americo Massa offered Lewis $10,000 and a construction company job to murder Conigliaro, Lewis agreed against his better judgment. Id.

Finally, the Court considers evidence of Lewis's rehabilitation. Lewis has been a model prisoner. He has no disciplinary record. See Def. Ex. C. He has devoted himself to his Catholic faith and led Bible studies while incarcerated. See id. at 10, 22. He has taken a multitude of available courses and become a passionate woodworker. Id. at 10. He has strengthened his

6

remaining family ties, speaking to his youngest daughter Natalia almost daily. Id. Lewis also expresses remorse for his role in Conigliaro's murder in a letter to the Court. See Def. Ex. D. Lewis argues that the murder of Conigliaro was an aberration brought on by severe financial distress, and his clean disciplinary record suggests he would not be a danger to the community if released.

Upon considering Lewis's background, his negligible criminal history, the similarity of his offense conduct to that of his co-defendants, and the evidence of rehabilitation, the Court finds that a sentence of substantially less than a lifetime would satisfy the purposes of criminal sentencing articulated in § 3553(a). However, given that Lewis committed a vicious crime, the Court finds that immediate release would contravene the sentencing factors articulated in 18 U.S.C. § 3553(a). The Court concludes that a sentence of 30 years is sufficient to comply with the purposes of sentencing articulated in § 3553(a).

Finally, the Court asks whether there is a sentence reduction consistent with the § 3553(a) factors that is warranted by the extraordinary and compelling reasons. See 18 U.S.C. § 3582(c)(1)(A)(i). The Court finds that the severity of Lewis's sentence considering his role in the offense, the length of Lewis's sentence compared to those of his codefendants, and Lewis's evidence of rehabilitation demonstrate extraordinary and compelling circumstances warranting a sentence reduction.

For the foregoing reasons, Lewis's motion for a sentence reduction is granted, and his sentence is modified to reduce the term of imprisonment from life imprisonment to 360 months. All other aspects of his sentence remain in full force and effect.

SO ORDERED.

Dated: New York, NY
       7/31/, 2021

_____
JED S. RAKOFF, U.S.D.J.