UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        -v-<br><br>MARTIN LEWIS,<br><br>            Defendant. | 00-cr-1118 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

    Before the Court is pro se defendant Martin Lewis's motion for compassionate release under 18 U.S.C. § 3582(c). Lewis worked as a bus driver for Manti's Transportation. United States v. Lewis, No. 00-cr-1118, 2021 WL 3292180 (S.D.N.Y. Aug. 2, 2021). Manti's Transportation, however, was taken over by the Decavalcante Crime Family, after Manti's owner defaulted on a loan from that Family. Id. In January 1998, Lewis killed a man in exchange for $10,000 from the Decavalcante Family. Id. Lewis was then sentenced to mandatory life in prison for conspiracy to commit murder in aid of racketeering, murder in aid of racketeering, and using a firearm in connection with a crime of violence. Id.

    In 2021, however, the Court reduced his sentence from life imprisonment to 30 years imprisonment "[u]pon considering Lewis's background, his negligible criminal history, the similarity of his offense conduct to that of his co-defendants, and the evidence of rehabilitation." Id. at *3.

    Lewis now seeks a further reduction. By the end of 2023, Lewis will have spent more than 20 years in prison. Lewis is currently

1

incarcerated at FCI Edgefield in South Carolina, where his record reflects extensive coursework and no disciplinary infractions. Lewis, who is 68 years old, suffers from asthma and acute bronchitis. He alleges that he also suffers from osteoarthritis in both knees, for which he claims the necessity of constant specialist attention or it could lead to double knee replacement surgery. Moreover, Lewis "was told in December 29, 2022, that his P.S.A. levels were abnormally high and that this, most likely, meant he has Prostate Cancer." Def.'s Mot. for Compassionate Release, ECF No. 836, at 2. Lewis also alleges that he waited to see an eye doctor for over nine years and that when he saw an "outside eye doctor," the doctor confirmed that Lewis required cataract surgery in both eyes. Id.

Lewis now seeks compassionate release based on his status of being a first-time offender when he was convicted of the aforementioned crimes, his multiple medical conditions, his having served "over 85% of his Statutory Term of Imprisonment," and his being subjected to a sentence "much harsher and punitive sentence than the Court intended" due to COVID-related lockdowns and restrictions. Id. at 1-3. After full consideration of Lewis's motion and the Government's opposition, the Court hereby denies Lewis's motion.

Lewis moves for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides:

> [T]he court, ... upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

2

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ..., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction.

It follows from the reading of the statute that to reduce Lewis's term of imprisonment, the Court must find: (1) that Lewis has exhausted his administrative remedies, (2) that he has shown extraordinary and compelling reasons warranting a sentence reduction, (3) that the 18 U.S.C. § 3553(a) sentencing factors are consistent with a lesser sentence than the one previously imposed, and (4) that there is a particular sentence reduction consistent with the § 3553(a) factors that is also warranted by extraordinary and compelling reasons. <u>United States v. Garcia</u>, 505 F. Supp. 3d 328, 331-32 (S.D.N.Y. Dec. 8, 2020).

As a preliminary matter, the Court notes that Lewis has exhausted his administrative remedies. He submitted a request for compassionate release to the Warden at FCI Edgefield on February 24, 2023, and more than 30 days have elapsed since Lewis submitted his request to the Warden. <u>See</u> 18 U.S.C. § 3582(c)(1)(A).

The main issue raised by Lewis's motion is whether the § 3553(a) factors support reducing his sentence. These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment,

3

afford adequate deterrence, protect the public from future crimes of the defendant, and provide the defendant with needed medical care. 18 U.S.C. § 3553(a).

Lewis argues that another sentence reduction beyond the very substantial one granted by the Court just two years ago would be consistent with the 3553(a) factors for three main reasons. First, Lewis contends that he is fully rehabilitated, as displayed in his "exemplary disciplinary record" and "great and genuine remorse." Def.'s Mot. at 3. Second, for similar reasons, he is not a danger to the community. Finally, Lewis argues that his medical conditions cannot be adequately treated while he is imprisoned.

Most of the arguments raised by Lewis's motion, however, were previously considered when the Court reduced Lewis's sentence from life imprisonment to 30 years' imprisonment in 2021. The only substantial difference between 2021 and today concerns Lewis's medical conditions. While those conditions do appear to be serious, the Court is not persuaded that they cannot be adequately treated while Lewis is incarcerated. For example, even accepting Lewis's hypothesis that his "abnormally high" P.S.A. levels indicate that he has prostate cancer, prostate cancer is not an unusual medical condition in the prison population, and the BOP is equipped to treat it and to arrange surgery when required.

On the other side, the Court cannot ignore the fact that Lewis committed an egregious crime, murder for hire. It is hard for this Court to conclude that a sentence of anything less than 30 years would

4

be just punishment for such an offense, let alone accord with the other § 3553(a) factors. Dillon v. United States, 560 U.S. 817, 831 (2010)( § 3582 "does not authorize a resentencing").

Because, therefore, the § 3553(a) factors do not support further reducing Lewis's sentence, his motion must be denied. Independently, moreover, the Court concludes that Lewis has not shown that "extraordinary and compelling reasons" support a reduction in sentence, 18 U.S.C. § 3582(c)(1)(A)(i), as his health problems, while no doubt serious, do not amount to the kind of extraordinary circumstance among prisoners of advanced age that cannot be adequately dealt with by the Bureau of Prisons.

For the foregoing reasons, Lewis's motion for compassionate release is hereby denied.

SO ORDERED.

New York, NY
June 16, 2023

JED S. RAKOFF, U.S.D.J.