

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 7, 2023

**By ECF**
Honorable Jed S. Rakoff
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *United States v. Martin Lewis*, 00 Cr. 1118 (JSR)

Dear Judge Rakoff:

    The Government submits this letter in opposition to the defendant's *pro se* letter, received on July 25, 2023 (Doc. No. 841, the "Reconsideration Motion"), requesting that the Court reconsider its June 16, 2023 order denying the defendant's second motion for compassionate release (Doc. No. 839, the "June 16 Order"). As the Court has already found, the defendant's current health issues do not constitute an extraordinary and compelling reason warranting a sentence reduction. Moreover, even if the defendant's health issues constituted an extraordinary and compelling reason, the defendant's early release would still not be warranted under the Section 3553(a) factors.

    **I.**    **Procedural Background**

    On December 19, 2002, following a jury trial, Martin Lewis was convicted of the following three counts: (i) conspiracy to murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); (ii) murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1); and (iii) use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). The charges stemmed from the defendant's murder of Joseph Conigliaro on behalf of the Decavalcante crime family. The murder in aid of racketeering carried with it a mandatory life sentence. On May 9, 2003, Judge Mukasey sentenced Lewis to life in prison.

    On September 24, 2020, Lewis filed a motion for compassionate release. (Doc. No. 820, the "First Motion.") In the First Motion, Lewis argued that the Court should grant his release because (i) Lewis's age and respiratory ailments put him at a high risk of contracting a severe case of COVID-19, (ii) there were unwarranted sentencing disparities between Lewis and his co-defendants, and (iii) he had been rehabilitated in prison. The Government opposed the First Motion. On August 2, 2021, the Court granted Lewis's motion and reduced his sentence from life imprisonment to 30 years' imprisonment. (Doc. No. 833, the "Order.") In reaching its conclusion, the Court found that Lewis's advanced age and health conditions demonstrated extraordinary and compelling reasons for a sentence reduction, including his chronic asthma and bronchitis. (*Id.* 3-

4.) When considering the Section 3553(a) factors, while recognizing the seriousness of the crime, the Court found that several factors warranted a reduction in sentence, including the need to avoid sentencing disparities with certain more culpable individuals who had received lesser sentences and Lewis's efforts at rehabilitation. (*Id.* 4-7.) The Court concluded that, despite these factors, immediate release would undermine the Section 3553(a) factors because Lewis committed a "vicious crime." (*Id.* 7.)

On May 5, 2023, the Court received Lewis's second motion for compassionate release. (Doc. No. 836, the "Second Motion.") In the Second Motion, Lewis repeated some of the arguments he made in the First Motion and made new arguments. In particular, Lewis argued that immediate release was warranted because (i) he is 69 years old and has "serious medical conditions," (ii) he endured the harsh conditions of confinement during the pandemic, and (iii) he is fully rehabilitated and no longer a danger to the community. On May 23, 2023, the Court received a supplemental submission from Lewis which stated that that he is waiting for urology and eye doctor appointments. (Doc. No. 837.)

On June 16, 2023, the Court denied the Second Motion. In the June 16 Order, the Court found that many of the arguments raised in the Second Motion were previously considered by the Court in its Order on the First Motion. (June 16 Order 4.) The only substantial difference was that Lewis raised new medical concerns, including, for example, that he has "abnormally high P.S.A. levels." (*Id.*) However, the Court determined that the new medical issues could be "adequately treated while Lewis is incarcerated." (*Id.*) The Court further found that the Section 3553(a) factors did not warrant a further sentence reduction. (*Id.* 4-5.) The Court explained that Lewis committed "an egregious crime," and "[i]t is hard for this Court to conclude that a sentence of anything less than 30 years would be just punishment for such an offense." (*Id.*)

On July 25, 2023, Lewis filed the Reconsideration Motion, arguing that his health has gotten progressively worse while incarcerated and that, despite the seriousness of his offense, he is not the same person he was 20 years ago. (Reconsideration Motion 1-3.) In the Reconsideration Motion, Lewis raises much of the same medical concerns he raised in his Second Motion. In particular, he claims that, while incarcerated, he contracted the following conditions which the Bureau of Prisons ("BOP") cannot treat: (i) asthma, (ii) osteoarthritis, (iii) elevated P.S.A. levels, (iv) cataracts, and (iv) skin legions. (*Id.*) Finally, if the Court does not grant his Reconsideration Motion, Lewis requests that the BOP place him patient care category "Medically Necessary – Acute or Emergency." (*Id.* 3.)

The defendant is currently housed at Edgefield FCI, and his projected release date is November 11, 2026.

## II.     Applicable Law

Reconsideration of a court's previous order "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and the moving party must point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

### III. The Defendant Has Not Met His Burden for Reconsideration

In denying the Second Motion, the Court expressly considered the defendant's health conditions, and nevertheless found that extraordinary and compelling reasons do not warrant a further reduction in the defendant's sentence. (June 16 Order 4-5.) Nothing in the defendant's Reconsideration Motion presents new facts or controlling law which could potentially alter determination.

The Reconsideration Motion simply reiterates the same argument that the defendant made in support of the Second Motion: that he is entitled to compassionate release because of his health conditions. However, none of those conditions warrant early release. Based on the Government's communications with the BOP, the Government has learned that each of Lewis's medical concerns are being addressed.

First, Lewis states that he has been unable to see a pulmonary specialist for his asthma. (Reconsideration Motion 2.) According to the BOP, a referral to a specialist is not warranted at this time because his conditions are being adequately controlled. At Lewis's most recent chronic care appointment, he reported using his inhaler only a couple of times a month. In addition, he has not had any trips to the emergency room or had any urgent medical evaluations for his asthma this year.

Second, Lewis states that he has been waiting to see a specialist for his osteoarthritis. (Reconsideration Motion 2.) According to the BOP, Lewis was offered a referral to an orthopedist, but the consult was deferred because Lewis requested a transfer for personal reasons and did not want a medical hold on his chart to delay the transfer. The BOP has informed the Government that, if Lewis is no longer seeking a transfer, he can inform the BOP physician at his next appointment and the referral can then be pursued.

Third, Lewis states that he is still waiting for a biopsy for his elevated P.S.A. levels. (Reconsideration Motion 2.) According to the BOP, Lewis had a biopsy on or about July 12, 2023. The results are not yet available, but Lewis will be informed once they are.

Fourth, Lewis states that he needs cataract surgery for both eyes. (Reconsideration Motion 2.) According to the BOP, Lewis saw an ophthalmologist on or about February 28, 2023. The ophthalmologist recommended cataract extraction, but the surgery request was denied because Lewis's visual acuity is above the BOP's threshold for approving cataract surgery.

Fifth, Lewis states he needs to see a specialist for his skin legions. (Reconsideration Motion 2-3.) According to the BOP, Lewis's primary care physician is tracking Lewis's skin

legions and will make a referral to a dermatologist if there are suspicious legions that require biopsies that cannot be performed at the facility.

Finally, Lewis requests that he be placed in patient category "Medically Necessary – acute or emergent." (Reconsideration Motion 3.) However, according to the BOP physician, none of his medical conditions meet the criteria for this patient category.

In sum, each of Lewis's medical conditions are being actively followed by the BOP, and, in his Reconsideration Motion, Lewis presents no new facts that could potentially alter the Court's prior denial of his Second Motion. *See United States v. Nero*, No. 13-CR-271-LTS, 2021 WL 1534392, at *2 (S.D.N.Y. Apr. 19, 2021) (denying a motion for reconsideration of a denial of a compassionate release motion where, despite the defendant's claims, the defendant wass receiving treatment from the BOP for his medical conditions).

Finally, even if the information provided by the defendant in his Reconsideration Motion included new facts regarding his medical conditions, the Reconsideration Motion should still be denied because the Section 3553(a) factors continue to weigh against the defendant's early release, as set forth in the Government's responses to the defendant's First Motion and Second Motion. The defendant has not presented any new facts or controlling law that would potentially affect the Court's analysis of those factors.

### IV.   Conclusion

The defendant—who carries the burden here—has failed to establish that reconsideration of the Court's June 16 Order is warranted. Accordingly, for the reasons above, the Government respectfully requests that the Court deny the defendant's Reconsideration Motion.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/ Rebecca T. Dell
    Rebecca T. Dell
    Assistant United States Attorney
    (212) 637-2198
    rebecca.dell@usdoj.gov

cc: Martin Lewis (Certified Mail)