UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>MARTIN LEWIS,<br><br>           Defendant. | 00-cr-1118 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

Before the Court is defendant Martin Lewis's motion for reconsideration of the Court's decision denying the request for compassionate release pursuant to 18 U.S.C. § 3582(c).

On June 16, 2023, the Court denied Lewis's motion for compassionate release because "the § 3553(a) factors d[id] not support further reducing Lewis's sentence" and no "extraordinary and compelling reasons" were shown supporting a sentence reduction. 6/16/23 Order at 5, Dkt. No. 839. The Court explained that "[m]ost of the arguments raised by Lewis's motion . . . were previously considered when the Court reduced Lewis's sentence from life imprisonment to 30 years' imprisonment in 2021," with "the only substantial difference" being "Lewis's medical conditions." Id. at 4. At the time, the Court acknowledged the seriousness of Lewis's health conditions but noted that adequate treatment was available to Lewis in prison. Id. at 4-5.

Lewis now argues the Court should reconsider that decision in light of five medical conditions that Lewis suffers from -- asthma, osteoarthritis, elevated PSA levels, cataracts, actinic keratoses --

1

that are not being adequately treated in prison. See Def. Mot. for Reconsideration at 1-3, Dkt. No. 841. The Government counters Lewis has not shown reconsideration is appropriate because Lewis's motion does not "present[] new facts or controlling law which could potentially alter [the Court's] determination," "simply reiterates the same argument" related to his health that he previously made, and his health conditions are being adequately addressed and treated in prison. Gov't Opp. at 3-4.

The Court agrees with the Government. Reconsideration of the denial of a compassionate release motion "will generally be denied 'unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" United States v. Williams, No. 21-343, 2023 WL 1977601, at *1 (2d Cir. Feb. 14, 2023) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Lewis points to no facts or law that the Court overlooked or that have materially changed since the last motion. Although the present motion does identify an additional health problem, actinic keratoses, that was not discussed in his prior motion for compassionate release, the Government's brief indicates that this health issue is being addressed in prison like Lewis's other health conditions. See Gov't Opp. at 3-4. Thus, there is still no indication Lewis cannot receive adequate medical treatment in prison.

For the foregoing reasons, Lewis's motion for reconsideration is hereby denied.

2

SO ORDERED.

New York, NY  
August 14, 2023

_____  
JED S. RAKOFF, U.S.D.J.